UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

05cv 10529

| | |
|---|---|
| In re:<br><br>FIRST KNOWLEDGE PARTNERS, INC.<br><br>Debtor.<br><br>JOHN J. AQUINO, TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>AMADEUS CAPITAL CORPORATION,<br>AMADEUS CAPITAL U.S. INC.,<br>MILES S. NADAL, ROBERT BALFOUR,<br>GAVIN SWARTZMAN, TREVOR<br>MAUNDER, DAVID G. ROBINSON,<br>JAMES D. FISHER, DESZO HORVATH,<br>DAVID C. KASSIE, DEAN C. KEHLER,<br>ALLAN Z. LOREN, STEPHEN M. PUSTIL,<br>THOMAS VOLPE, DEREK SMITH<br>and MICHAEL SIMONETTA,<br><br>Defendants. | Chapter 7<br>Case No. 02-16649 CJK<br><br><br><br><br><br><br><br><br><br>Ad. Pro. No. 04-01288 |

**MOTION OF DEFENDANT DAVID G. ROBINSON FOR WITHDRAWAL
OF ADVERSARY PROCEEDING TO THE DISTRICT COURT**

Pursuant to 28 U.S.C. § 157(d) and Rule 5011(a) of the Federal Rules of Bankruptcy

Procedure, and for the reasons stated in the accompanying Memorandum of Law, defendant

David G. Robinson hereby moves the District Court to withdraw the reference of this Adversary

Proceeding (Ad. Pro. No. 0401288) to the Bankruptcy Court in its entirety; and, to dispose of all matters relating thereto, including the entry of all orders and judgment.

Defendant Robinson submits that withdrawal of the reference is appropriate, because he has requested a jury trial on all issues triable to a jury; and, because he has not consented to the Bankruptcy Court's entry of final orders or judgment.

> Respectfully submitted
> for the defendant,
> David G. Robinson
> by his attorney:
>
> Theodore E. Dinsmoor (BBO #125540)
> Burns & Levinson LLP
> 125 Summer St.
> Boston, MA 02110
> (617) 345-3000
> (617) 345-3299 facsimile

Dated: February 7, 2005

CERTIFICATE OF SERVICE

    I, Theodore E. Dinsmoor, hereby certify that on this 15th day of February 2005, a true copy of the above documents were served by First Class Mail upon the attorney of record for each other party on the following Service List.

*Theodore E. Dinsmoor*

## SERVICE LIST

| | | |
|---|---|---|
| **Plaintiff:**<br><br>John J. Aquino | Represented by | Charles A. Dale, Esq<br>Daniel J. Kelly, Esq.<br>Gadsby Hannah LLP<br>225 Franklin St.<br>Boston, MA 02110-1617 |
| **Defendants:**<br>Amadeus Capital Corporation<br>Amadeus Capital U.S. Inc.<br>Miles S. Nadal<br>Robert Balfour<br>Gavin Swartzman<br>Trevor Maunder<br>Michael Simonetta | **Represented by** | Carrie J. Fletcher, Esq.<br>Erica Templeton Spencer, Esq.<br>Foley & Lardner LLP<br>111 Huntington Ave., 26th Floor<br>Boston, MA 02199 |
| **Defendants:**<br>James D. Fisher<br>Deszo Horvath | **Represented by** | Sean P. Cronin, Esq.<br>Goodwin Procter LLP<br>Exchange Place<br>Boston, MA 02109 |
| **Defendants:**<br>David C. Kassie<br>Dean C. Kehler | | Eben P. Colby, Esq.<br>Skadden Arps Slate<br>  Meagher & Flom, LLP<br>One Beacon St.<br>Boston, MA 02109 |
| **Defendants:**<br>Stephen M. Pustil<br>Thomas Volpe<br>Derek Smith | **Represented by** | Timothy J. Langella, Esq.<br>Benjamin B. Tymann, Esq.<br>Stephen E. Cooper, Esq.<br>Mintz, Levin, et al.<br>One Financial Center<br>Boston, MA 02111 |
| **Defendant:**<br>Allan Z. Loren | **Represented by** | Ebin A. Crim, Esq.<br>Proskauer Rose LLP<br>One International Place<br>Boston, MA 02110 |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re:<br><br>FIRST KNOWLEDGE PARTNERS, INC.<br><br>Debtor. | Chapter 7<br>Case No. 02-16649 CJK |
| JOHN J. AQUINO, TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>AMADEUS CAPITAL CORPORATION,<br>AMADEUS CAPITAL U.S. INC.,<br>MILES S. NADAL, ROBERT BALFOUR,<br>GAVIN SWARTZMAN, TREVOR<br>MAUNDER, DAVID G. ROBINSON,<br>JAMES D. FISHER, DESZO HORVATH,<br>DAVID C. KASSIE, DEAN C. KEHLER,<br>ALLAN Z. LOREN, STEPHEN M. PUSTIL,<br>THOMAS VOLPE, DEREK SMITH<br>and MICHAEL SIMONETTA,<br><br>Defendants. | Ad. Pro. No. 04-01288 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT
DAVID G. ROBINSON FOR WITHDRAWAL
OF ADVERSARY PROCEEDING TO THE DISTRICT COURT**

This memorandum of law is submitted by defendant David G. Robinson ("Robinson") in support of his Motion for Withdrawal of Adversary Proceeding to the District Court, filed herewith (the "Motion").

J:\Docs\25374\00000\00905352.DOC

engaged in and encouraged conduct," i.e. the <u>payment of allegedly unreasonable and excessive fees and expenses</u> to Amadeus, that injured FKP, Complaint, ¶ 135. Further, the Complaint alleges that such <u>failures</u> and <u>conduct</u> constitute a breach of the fiduciary duties of "<u>care</u>, loyalty, independence and good faith." Complaint, ¶ 136 (emphasis added). Finally, on account of such breach of fiduciary duties, the Complaint alleges that FKP's estate has been "damaged" in "an amount to be determined at trial," Complaint, ¶ 137, which amount consists, at a minimum, of the allegedly <u>excessive fees and expenses</u> that FKP paid to Amadeus totaling $4,294,514. Complaint ¶¶ 30-41. Certainly, as the allegedly excessive fees and expenses were paid to <u>Amadeus</u> and not <u>Robinson</u>, the damages sought against Robinson are classic money damages, rather than an accounting, restitution or some other form of equitable relief.

In his Responsive Pleading to the Complaint, timely filed on December 15, 2004, Robinson <u>demanded a trial by jury</u> of any claims so triable; and, he expressly <u>objected to the Bankruptcy Court issuing any final order or judgment</u> in the Adversary Proceeding. Robinson's Responsive Pleading, pp 1-2 and 62-63. Similarly, other defendants have <u>demanded a jury trial and withheld their consent to a jury trial before the bankruptcy court</u> in their Responsive Pleadings, including Amadeus Capital Corporation, Amadeus Capital U.S. Inc., Miles S. Nadal, Trevor Maunder, Robert Balfour, Michael Simonetta, Derek Smith, Stephen Pustil and Thomas Volpe.

## II. SUMMARY OF ARGUMENT

Pursuant to 28 U.S.C. §157(d) and (e) and Rule 5011(a) of the Rules of Bankruptcy Procedure, this Court should withdraw this Adversary Proceeding to the District Court in its entirety, because Robinson is entitled to a jury trial on various Claims and Counterclaims; because Robinson has demanded a jury trial; and, because the Bankruptcy Court lacks

jurisdiction to conduct a jury trial on such Claims and Counterclaims, absent Robinson's consent. Thus, as "the bankruptcy court is not authorized to conduct a jury trial in this case constitutes good cause for withdrawing the reference to the bankruptcy judge." *In re Dooley Plastic Co., Inc.* 182 B.R. 73, 81 (D. Mass. 1994).

### III. ARGUMENT

1. **The Seventh Amendment Entitles Robinson To A Trial By Jury.**

The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." The United States Supreme Court has long interpreted the phrase "Suits at common law" to mean "suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized and equitable remedies were administered." *Parsons v. Bedford*, 3 Pet. 433 (1830) (emphasis added).

In *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), the U.S. Supreme Court applied the "familiar" two-step Seventh Amendment analysis of *Tull v. United States*, 481 U.S. 412, 417-418 (1987), for determining the right to a jury trial: first, by comparing the claim at hand to 18th century actions brought in the English courts; and, second, by examining whether the claim seeks a legal as opposed to an equitable remedy. Upon conducting the *Tull* analysis, the Court concluded that the trustee's action to recover an allegedly fraudulent conveyance of a determinable sum of money would have had to have been brought in an eighteenth century court of law, rather than a court of equity, because the recovery of the money sought invoked legal rights, rather than equitable rights, 492 U.S. at 46.

Significantly, in *Granfinanciera* the Court disregarded the <u>form</u> of the trustee's claims for avoidance and restitution and looked to the <u>substance</u> of the claims and the remedy sought, by stating:

> Respondent [trustee] claims to seek "avoidance" of the allegedly fraudulent transfers and restitution of the funds that were actually transferred . . . . Because avoidance and restitution are classical equitable remedies, he says, petitioners are not entitled to a trial by jury. We find this strained attempt to circumvent precedent unpersuasive. Because dollars are fungible, and respondent has not requested an accounting or other specifically equitable form of relief, a complete remedy is available at law and equity will not countenance an action when complete relief may be obtained by law.

492 U.S. at 49, n. 7.

Also, in *Granfinanciera* the Court found support for its opinion in *Schoenthal v. Irving Trust Co.*, 287 U.S. 92 (1932), in which a trustee in bankruptcy, who sued in equity to recover alleged preferential payments, was <u>rebuffed,</u> because he had an adequate remedy at law:

> There, as here, "[t]he preferences sued for were <u>money payments of ascertained and definite amounts</u>," and "[t]he bill discloses no facts that call for an accounting or other equitable relief."
> (emphasis added).

492 U.S. at 49 (quoting *Schoenthal*, 287 U.S. at 95). *See Chauffeurs, Teamsters and Helpers Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990) (to determine whether a particular action will resolve legal rights, thereby giving rise to jury trial right, a court must examine both the <u>nature</u> of the <u>issues involved</u> and the <u>remedy sought</u>).

2. <u>Count XVI for Breach of Fiduciary Duty Against Robinson Is A Pre-petition Non-Core State Law Tort Claim Seeking The Recovery Of Monetary Damages That Must Be Submitted To A Jury.</u>

The case setting forth the most frequently cited definition of a <u>non</u> "core" proceeding in bankruptcy is *Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987), in which the Fifth Circuit ruled:

"If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy, it is not a core proceeding. . . ." Here Count XVI, alleging a pre-petition state law claim for breach of fiduciary duty, is a non-core claim, because it does not invoke any substantive rights created by federal bankruptcy law. Indeed, it is well recognized that a claim for breach of fiduciary duty can exist under state law outside of bankruptcy. *In re Green*, 200 B.R. 296, 298 (S.D.N.Y. 1996) ( claim for breach of fiduciary duty was non-core and motion to withdraw reference of third party action was allowed where third party defendant demanded a jury trial and refused to consent to resolution of non-core matters by the bankruptcy court). See also, *In re Orion Pictures Corp.*, 4 F.3d 1095, 1102 (2d Cir. 1993), *cert. dismissed*, 511 U.S. 1026, 114 S. Ct. 1418, 128 L. Ed. 2d 88 (1994) (state law breach-of-contract action by a debtor against a party to a pre-petition contract, who has filed no claim with the Bankruptcy Court, is non-core ).

Further, in both form and substance Count XVI, asserting a claim for a breach of fiduciary duty against Robinson, is a traditional state law tort claim, because it alleges Robinson's breach of due care; and, because it seeks to recover monetary damages from Robinson. *Demoulas v. Demoulas Super Markets*, 424 Mass. 501, 517 (1997) (holding that a derivative action for breach of fiduciary duty through self-dealing sounds in tort); *Beaconsfield Townhouse Condominium Trust v. Zussman*, 249 Mass. App. Ct. 757, 760 (2000) (holding that a breach of fiduciary duty is a tort action); and, *Kirley v. Kirley*, 25 Mass. App. Ct. 651, 654 (1988) (noting the "growing common law trend to declare 'that a breach of fiduciary duty is a tort'"). See also *Brehm v. Eisner*, 746 A.2d 244, 264 (Del. 2000) (holding that corporate directors decisions will be respected, unless they reached their decision by a "grossly negligent process that involves the failure to consider all material facts reasonably available); *Havens v.*

*Atter*, 1997 Del. Ch. Lexis 12 at 11 (January 30, 1997) (applying gross negligence standard to claims for breach of duty of due care); and, *Rabkin v. Philip P. Hunt Chem. Corp.*, 1987 Del. Ch. Lexis 522 *2 *3 (Dec. 17, 1982) (applying ordinary negligence standard to claim for breach of fiduciary duty alleging director abdication or neglect of managerial duties). Thus, both Massachusetts law and Delaware law apply <u>tort standards</u> for determining corporate director's/officer's alleged breach of fiduciary duty.

Of course, the issue as to whether a particular breach of fiduciary duty claim is legal or equitable for purposes of protecting a party's Seventh Amendment right to a jury trial must be determined by federal law, rather than state law, <u>so as to insure that the right is applied uniformly across the country</u>. *Similer v. Conner*, 372 U.S. 221, 222 (1963). Therefore, precedents on this issue are most compelling.

In *DePinto v. Provident Life Security Ins. Co.*, 323 F.2d 826 (9th Cir. 1963), the Ninth Circuit held that an action against corporate directors and officers for breach of fiduciary duty, which was predicted on the directors and officers <u>negligence,</u> must be submitted to a jury. According to the Ninth Circuit:

> <u>An action brought by the corporation</u> to recover damages against former officers or directors on the ground of negligence would be cognizable in a suit at common law. *Kelly v. Dolan*, 3 Cir., 233 F. 635. Thus, all appellants were denied a jury trial on an issue cognizable in a suit at common law. *Id.* at 836-37 (emphasis added).

Here, the Trustee has been entrusted with FKP's estate; so in filing his Complaint against Robinson, the Trustee is bringing a <u>direct</u> action, not a <u>derivative</u> action, against Robinson. Thus, like *DePinto*, the Trustee's claim does not partake of the equitable remedies that historically were invoked to protect the derivative interest of stockholders suing corporate directors and officers.

Similarly, in *Page Mill Asset Management v. Credit Suisse First Boston Corporation*, 2001 U.S. Dist. Lexis (S.D.N.Y. July 30, 2001), plaintiff sued defendant corporations in a <u>direct action</u> for breach of the fiduciary duty predicated upon breach of indenture, <u>a legal claim</u>, and demanded a jury trial. Defendants then moved to strike the demand for jury trial; and, the court denied the motion, saying:

> At least two circuits have stated that when a breach of fiduciary duty claim is predicated upon underlying conduct "which is actionable in a direct suit at common law," the jury should decide whether there has been a breach of fiduciary duty. *DePinto v. Provident Sec. Life Insur. Co.*, 323 F.2d 826, 837 (9th Cir. 1963) ("Having in mind the necessity of scrutinizing, with utmost care, any seeming curtailment of the right to a jury trial, we hold that where a claim of breach of fiduciary duty is predicated upon underlying conduct, such as negligence, which is actionable in a direct suit at common law, the issue of whether there has been such a breach is . . . a jury question."); *Halladay v. Verschoor*, 381 F.2d 100, 109 (8th 'Cir. 1967) ("Ordinarily, enforcement of administration of trusts and proceedings involving trusts are subjects for equity jurisdiction, but where the basic nature of the claims present only legal issues, it is entirely proper . . . to treat the case as one belonging on the law docket."); see also *In re Evangelist*, 760 F.2d at 31 ("Conduct that breaches a fiduciary duty might also violate other legal rules; it might constitute a tort (such as fraud) or breach of contract. In each of the cases cited by petitioner, the relevant conduct was alleged to violate some such other legal principle, so it is not surprising that the courts viewed the complaint at issue as setting forth a claim for damages at law.").

Here, the Trustee's Claim against Robinson for breach of fiduciary duty is manifestly legal, because it is <u>tortuous</u>, i.e. it is based on Robinson's alleged <u>failure</u> to act, as well as his alleged <u>active engagement</u> in <u>negligent</u> and/or <u>grossly negligent</u> conduct detrimental to FKP.

Finally, and perhaps most importantly, the character of the relief sought against Robinson is clearly legal, in that it consists <u>solely</u> of <u>monetary damages</u>. *Great-West Life & Annuity Inc. Co. v. Knudson*, 534 U.S. 204 (2002) (finding remedy legal when a plaintiff "sought 'to obtain a

judgment imposing a merely personal liability upon the defendant to pay a sum of money'"); and *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993) (stating that: "Money damages are, of course, the classic form of legal relief.").

We do note, of course, that in *In re Evangelist*, 760 F.2d 27 (1st Cir. 1985) the First Circuit ruled that a shareholder's <u>derivative action</u> against Fidelity Investments under 15 U.S.C. § 80a-35(b) for a breach of fiduciary duty, <u>which did not involve tortuous conduct and which required an accounting</u>, was treated as an equitable suit, rather than a legal action for Seventh Amendment purposes. However, as stated in *Page Mill Asset Management, supra.*, the First Circuit clearly recognized that when the breach of fiduciary duty violated other legal rules, i.e., due care, it may constitute a tort for which a jury trial would be required. Thus, *In re Evangelist* is not only distinguishable because of the nature of the claim for breach of fiduciary duty, i.e. a statutory non-tortuous violation of fiduciary duty, but also because of the nature of the remedy sought, i.e. an accounting. Moreover, when read in context, the decision fully supports Robinson's right to a jury trial.

To the extent one or more of the Trustee's other Claims against Robinson may be construed as equitable, rather than legal, it is important to note that under Rules 1, 2 and 18, Federal Rules of Civil Procedure, both legal and equitable claims can be tried at the same time in the District Court. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 508 (1959) (holding that the jury (if one has been demanded), may render a verdict on the legal issues, while the court renders a decision on the equitable issues). Thus, Robinson's right to a jury trial on legal issues cannot be denied on the ground that equitable rights maybe involved; or, because the legal issues are 'incidental' to the equitable issues; or, because substantive equitable remedies are otherwise sought.

3.  **Although The Trustee's Fraudulent Transfer Claims Against Robinson May Be "Core Matters" Under the Bankruptcy Code, They Also Must Be Submitted To A Jury.**

In *Granfinanciera* the Court determined that tortuous fraudulent conveyance actions fell within the ambit of the Seventh Amendment and then turned to the main issue in the case, i.e. whether the 1984 amendments to the bankruptcy court's jurisdiction, which designated fraudulent conveyance actions as "core proceedings," see 28 U.S.C. §157(b)(2)(H), abrogated a party's Seventh Amendment right to a jury trial. While recognizing that Congress could indeed limit the reach of the Seventh Amendment, when it creates statutory "public rights" and assigns their adjudication to an administrative agency with which a jury trial would be incompatible, the Court held that "[Congress] lacks the power to strip parties contesting matters of private right of their constitutional right to a trial by jury. *Granfinanciera*, 492 U.S. at 51-52 (citing *Atlas Roofing Co. v. Occupational Safety and Health Review Comm'n*, 430 U.S. 442, 450 (1977)). The Court then held that the right to recover a fraudulent conveyance is "more accurately characterized as a private rather than a public right as we have used those terms in our Article III decisions." 492 U.S. at 55; so it confirmed the right to a jury trial on the fraudulent conveyance claim.

The lower federal courts subsequently applying the *Granfinanciera* analysis have determined that the Seventh Amendment right to jury trial applies to <u>all claims for damages</u>, regardless of the core/non-core distinction *Germain v. Connecticut Nat'l Bank*, 988 F.2d 1323, 1326-27 (2d Cir. 1993) (trustee entitled to trial by jury in the district court for, among other things, claims for interference with debtor's business regardless of "core" versus "non-core" designation); and *In re Dooley Plastic Co., Inc.*, 182 B.R. 73 (D. Mass. 1994) (defendant corporation entitled to a jury trial in the district court on "core" preferential transfer claims).

Therefore, the Seventh Amendment protects Robinson's right to a jury trial on the Trustee's fraudulent transfer Claims asserted in Counts VII, IX and X, as well as the Trustee's preferential transfer Claim asserted in Count VII.

### 4. The Bankruptcy Court Lacks Jurisdiction To Conduct A Jury Trial, Absent Consent By All Parties.

Following *Granfinanciera*, in the Bankruptcy Reform Act of 1994 Congress specifically authorized bankruptcy judges to conduct jury trials under certain limited circumstances, where the parties <u>consent</u>. Specifically, 28 U.S.C. §157(e) provides:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specifically designated to exercise such jurisdiction by the district court and <u>with the express consent of all the parties.</u> (emphasis added).

However, here, because Robinson and other defendants do not consent to the Bankruptcy Court's jurisdiction to conduct a jury trial on the Trustee's Claims, the Bankruptcy Court cannot conduct a jury trial in this Adversary Proceeding.

### 5. Cause Exists To Withdraw The Reference To The Bankruptcy Court.

Cases under the Bankruptcy Code and all proceedings arising in or related to a case under the Bankruptcy Code are automatically referred from the district court to the bankruptcy court under the authority granted to district courts by 28 U.S.C. §157(a). However, 28 U.S.C. §157(d) authorizes the district court to withdraw that reference to the bankruptcy court in respect to "any case or proceeding" "on its own motion or on timely motion by any party, for cause shown." The statute does not specify what constitutes cause, but a bankruptcy court's lack of jurisdiction to conduct a jury trial to which a party is entitled is clearly good cause for withdrawal. *In re Dooley Plastic Co., Inc.*, 182 B.R. 73, 81 (D. Mass. 1994)

Here, Robinson is plainly entitled to a jury trial under the Seventh Amendment on many of the Trustee's Claims. Further, because the Bankruptcy Court cannot conduct a jury trial without the consent of all parties, and Robinson as well as many other defendants do not consent, this Court should withdraw the reference to the bankruptcy court. This result is supported by the rulings of the vast majority of the Circuit Courts of Appeal on the issue. *In re Clay*, 35 F.3d 190,198 (5th Cir. 1994)(district court erred in denying motion to withdraw reference where defendant entitled to jury trial); *In re Stansbury Poplar Place. Inc.*, 13 F .3d 122, 128-29(4th Cir. 1993)( district court order denying motion to withdraw reference reversed because defendants entitled to jury trial; on remand district court may determine point in time at which reference should be withdrawn); *In re United Missouri Bank of Kansas City, N.A.*, 901 F.2d 1449,1457 (8th Cir. 1990)(granting writ of mandamus and requiring district court to withdraw action from bankruptcy court); *In re Baker & Getty Financial Services. Inc.*, 954 F .2d 1169, 1170 (6th Cir. 1992) (case remanded to district court for jury trial due to jury trial right and fact that bankruptcy courts are not authorized to conduct jury trials); *In re Grabill Corp.*, 967 F. 2d 1152, 58-59 (7th Cir. 1992)(district court reversed and case remanded with instructions to district court to withdraw reference and hold a jury trial),

A similar conclusion was reached by Judge Lindsay in *In re Dooley Plastic Co., Inc.*, 182 B.R. 73, 81 (D. Mass. 1994), where the adversary proceeding at issue (a preference claim pursuant to 11 U.S.C. §547) was a core proceeding. There Judge Lindsay ruled that the parties had a right to a jury trial and that the Bankruptcy Court lacked authority to conduct a jury trial. 182 B.R. at 81. Also, Judge Lindsay ruled that: "The conclusion that the bankruptcy court is not authorized to conduct a jury trial in this case constitutes good cause for withdrawing the reference to the bankruptcy judge." *Id. See In re Art & Co.. Inc.*, 185 B.R. 654, 656 (D. Mass.

1995 (Tauro, C.J.) (allowing motion to withdraw reference of adversary proceeding where defendants filed a jury demand).

Although the cases cited above were decided prior to the effective date of 28 U.S.C. §157(e), when there was much confusion over whether the bankruptcy court could hold a jury trial, the issue was settled by the enactment of 28 U.S.C. §157(e). Indeed, *In Dooley Plastics, supra,* a case which was pending at the time of the adoption of the Bankruptcy Reform Act of 1994, Judge Lindsay found that the enactment of 28 U.S.C. §157(e) bolstered his conclusion that Congress had not granted bankruptcy courts the authority to conduct jury trials and that the reference should therefore be withdrawn. See also, *In re Green*, 200 B.R. 296, 298 (S.D.N.Y. 1996)( motion to withdraw reference of third party action for breach of fiduciary duty was allowed where third party defendant demanded a jury trial and refused to consent to resolution of non-core matters by the bankruptcy court); *In re 131 Liquidating Corp.*, 222 B.R. 209, 213 (S.D.N.Y. 1998) (district court withdraws reference of state law claims where parties claim jury trial); *In re Transcon Lines*, 121 B.R. 837, 844 (C.D. Cal. 1990)(withdrawing the reference because defendants constitutionally entitled to jury trial over which bankruptcy judge could not preside).

In sum, it is virtually impossible to find a clearer case for good cause to withdraw the reference than the instant Adversary Proceeding, because if the reference is not withdrawn., the Bankruptcy Court cannot conduct a jury trial on the Claims that must be submitted to a jury under the Seventh Amendment.

## IV. CONCLUSION

On the basis of the foregoing Argument, Robinson respectfully requests that this Court allow his motion and withdraw the reference of this Adversary Proceeding to the Bankruptcy Court.

                            Respectfully submitted
                            for the defendant,
                            David G. Robinson
                            by his attorney:

                            Theodore E. Dinsmoor (BBO #125540)
                            Burns & Levinson LLP
                            125 Summer St.
                            Boston, MA 02110
                            (617) 345-3000
                            (617) 345-3299 facsimile

Dated: February 2, 2005

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

JOHN J. AQUINO, TRUSTEE

**DEFENDANTS**

AMADEUS CAPITAL CORPORATION,
AMADEUS CAPITAL U.S. INC.,
PLEASE SEE ATTACHED

(b) County of Residence of First Listed Plaintiff __Unknown__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed __Ontario, Canada__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Charles A. Dale    (617) 345-7000
Gadsby & Hannah LLP
225 Franklin St.,
Boston, MA 02110

Attorneys (If Known)
For defendant, Robinson only:
Theodore E. Dinsmoor, Esq.
Burns & Levinson LLP
125 Summer St., Boston, MA 02110

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☒ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | / ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☒ 5 Transferred from another district (specify) Mtn to w/draw Reference
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 USC, Section 157
This is a motion to withdraw reference of a bankruptcy adversary proceeding.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No
by Defendant Robinson

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE
DOCKET NUMBER

DATE 2/15/05
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

DEFENDANTS (CONTINUED):

MILES S. NADAL,
ROBERT BALFOUR,
GAVIN SWARTZMAN,
TREVOR MAUNDER,
DAVID G. ROBINSON,
JAMES D. FISHER,
DESZO HORVATH,
DAVID C. KASSIE,
DEAN C. KEHLER,
ALLAN Z. LOREN,
STEPHEN M. PUSTIL,
THOMAS VOLPE,
DEREK SMITH AND
MICHAEL SIMONETTA,
    DEFENDANTS.

DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __JOHN J. AQUINO, TRUSTEE__
   __V. AMADEUS CAPITAL CORPORATION, ET AL.__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   — I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   — II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        *Also complete AO 120 or AO 121
                                                                                for patent, trademark or copyright cases

   — III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   X IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   — V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                                                    YES ☐    NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)
                                                                                    YES ☐    NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                                    YES ☐    NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?
                                                                                    YES ☐    NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).
                                                                                    YES ☐    NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)?
   (SEE LOCAL RULE 40.1(D)).                                                        YES ☐    NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?
                                                                                    YES ☐    NO ☒
   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____
                                                                                    YES ☐    NO ☒

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? __VARIOUS__

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION:   YES ☐   NO ☐
                                                           OR WESTERN SECTION;      YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Theodore E. Dinsmoor, Esq.__
ADDRESS __Burns & Levinson, LLP__
         __125 Summer St., Boston, MA 02110__
TELEPHONE NO. __617-345-3825__

(Categfrm.rev - 3/97)