UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re:<br><br>FIRST KNOWLEDGE PARTNERS, INC.,<br><br>Debtor. | Chapter 7<br>Case No. 02-16649 (CJK) |
| JOHN J. AQUINO, TRUSTEE,<br><br>Plaintiff,<br><br>AMADEUS CAPITAL CORPORATION,<br>AMADEUS CAPITAL U.S. INC., ET AL.,<br><br>Defendants. | 05-CV-10529.FDS<br><br><br>Ad. Pro. No. 04-01288 |

### MOTION FOR LEAVE TO FILE REPLY MEMORANDUM TO TRUSTEE'S OPPOSITION TO DEFENDANTS' MOTION FOR WITHDRAWAL

Defendants Amadeus Capital Corporation, Amadeus Capital U.S. Inc., Miles S. Nadal, Robert Balfour, Gavin Swartzman, Trevor Maunder, and Michael Simonetta (collectively, the "Amadeus Defendants"), along with defendants Thomas Volpe, Derek Smith, Allan Z. Loren, James D. Fisher, and Dezsö J. Horváth (collectively, with the Amadeus Defendants, the "Moving Defendants") hereby request that the District Court grant them leave to file a reply memorandum to an opposition that the Trustee filed on March 4, 2005.

As grounds for this reply memorandum, Moving Defendants state as follows:

1. On February 18, 2005, Moving Defendants filed a Motion for Withdrawal of Reference to the Bankruptcy Court (the "Withdrawal Motion").

2. On March 4, 2005, the Trustee filed an opposition to the Withdrawal Motion (the "Opposition").

027.153738.1

3.	The Trustee's Opposition raises several issues, some of which respond to issues that were addressed in Moving Defendants' brief, and some of which involve assertions of fact not raised therein. The Opposition also cites to inapposite legal authority from other jurisdictions and ignores relevant authority from this jurisdiction.

4.	The Moving Defendants seek leave to file a reply memorandum in the form attached hereto as Exhibit A, so that they have a fair opportunity to address the new issues raised in the Opposition, as well as the opportunity to clarify any and all remaining issues relating to the arguments raised in the Opposition and the Withdrawal Motion.

5.	The Moving Defendants believe that the reply memorandum will be of assistance to the Court in reaching a fair and prompt determination of the issues before it, and that good cause exists for the Court to permit the Moving Defendants to file the proposed reply memorandum.

6.	In preparing this motion, counsel has conferred with counsel for the Trustee in accordance with the District Court's Local Rule 7.1(A)(2). A certificate to this effect is attached hereto as Exhibit B.

## Conclusion

For all of the foregoing reasons, the Moving Defendants respectfully request that this Court grant leave to file a reply memorandum of points and authorities in response to Trustee's Opposition.

AMADEUS CAPITAL CORPORATION, AMADEUS CAPITAL U.S. INC., MILES S. NADAL, GAVIN SWARTZMAN, TREVOR MAUNDER, ROBERT BALFOUR, and MICHAEL SIMONETTA,

By their attorneys,

/s/ Carrie J. Fletcher
Michael J. Tuteur, BBO No. 543780
Carrie J. Fletcher, BBO No. 642369
Erica Templeton Spencer, BBO No. 651967
FOLEY & LARDNER LLP
111 Huntington Avenue, 26th Floor
Boston, Massachusetts 02199
Tel. (617) 342-4000
Fax. (617) 342-4001

JAMES D. FISHER and DEZSÖ J. HORVÁTH,

By their attorneys,

/s/ Sean Paul Cronin
R. Todd Cronan, BBO No. 647117
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
Tel. (617) 570-1000
Fax. (617) 523-1231

Respectfully submitted,

THOMAS VOLPE, and DEREK SMITH,

By their attorneys,

/s Benjamin B. Tymann
Peter A. Biagetti, BBO No. 042310
Timothy J. Langella, BBO No. 542017
Adrienne K. Walker, BBO No. 641490
Benjamin B. Tymann, BBO No. 652011
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel. (617) 542-6000
Fax. (617) 542-2241

ALLAN Z. LOREN

By his attorneys,

/s/ Eben A. Krim
Eben A. Krim, BBO No. 652506
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600
Tel. (617) 526-9600
Fax. (617) 526-9899

Christopher Wolf, admitted *pro hac vice*
Robert Bernstein, admitted *pro hac vice*
PROSKAUER ROSE LLP
1233 20th Street, N.W., Suite 800
Washington, D.C. 20036
Tel. (202) 416-6800
Fax. (202) 416-6899

Dated:    March 21, 2005

027.153738.1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re: ) <br> ) <br> FIRST KNOWLEDGE PARTNERS, INC., ) <br> ) <br> Debtor. ) <br> ) | Chapter 7 <br> Case No. 02-16649 (CJK) |
| JOHN J. AQUINO, TRUSTEE, ) <br> ) <br> Plaintiff, ) <br> ) <br> AMADEUS CAPITAL CORPORATION, ) <br> AMADEUS CAPITAL U.S. INC., ) <br> MILES S. NADAL, ROBERT BALFOUR, ) <br> GAVIN SWARTZMAN, TREVOR ) <br> MAUNDER, DAVID G. ROBINSON ) <br> JAMES D. FISHER, DESZO HORVATH, ) <br> DAVID C. KASSIE, DEAN C. KEHLER, ) <br> ALLAN Z. LOREN, STEPHEN M. ) <br> PUSTIL, THOMAS VOLPE, DEREK ) <br> SMITH, and MICHAEL SIMONETTA, ) <br> ) <br> Defendants. ) <br> ) | Adversary Proceeding <br> No. 04-01288 (CJK) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
FOR WITHDRAWAL OF REFERENCE TO THE BANKRUPTCY COURT**

Pursuant to 28 U.S.C. Section 157(d) and Rule 5011(a) of the Federal Rules of Bankruptcy Procedure, defendants Amadeus Capital Corporation, Amadeus Capital U.S. Inc., Miles S. Nadal, Robert Balfour, Gavin Swartzman, Trevor Maunder, and Michael Simonetta (collectively, the "Amadeus Defendants"), along with defendants Thomas Volpe, Derek Smith, Allan Z. Loren, James D. Fisher, and Dezsö J. Horváth (collectively, with the Amadeus Defendants, the "Moving Defendants") hereby submit the following memorandum in reply to Plaintiff's Opposition to Defendants' Motions for Withdrawal of Reference (the "Opposition")

027.153334

and in further support of their Motion for Withdrawal of Reference to the Bankrupcty Court (the "Motion").

I. **It Remains Undisputed that the Moving Defendants Are Entitled to a Jury Trial, and that the Bankruptcy Court Cannot Conduct Such a Trial Absent their Consent**

The Trustee's Opposition does not dispute (or, for that matter, rebut) the fact that the defendants are entitled to a jury trial on the claims at issue here, nor does the Trustee deny that 28 U.S.C. § 157(e) affirmatively precludes the bankruptcy court from conducting such a trial absent the parties' consent. Instead, the Trustee relies on a less-than-accurate description of the procedural posture of this action and on a series of distinguishable cases from other jurisdictions to support his argument that considerations of "judicial economey" dictate that the bankruptcy court retain jurisdiction over this case. When examined in the context of this case, the applicable case law, and even the case law cited by the Trustee, however, it is clear that the judicial efficiency argument does not, in fact, compel the result argued for in the Opposition. In fact, a careful review of both the cited cases and the procedural posture of this action overwhelmingly leads to the conclusion that the only efficient use of judicial resources requires that the reference be promptly withdrawn.

A. **The "Core/Non-Core" Distinction Is Not Dispositive, or Even Relevant, to the Court's Analysis Here**

The plaintiff's Opposition, relying almost entirely on cases out of the Southern District of New York and the Second Circuit (and ignoring relevant authority out of *this* district) incorrectly asserts that "whether a claim is core or non-core is the most important factor to consider when determining whether to withdraw the reference." (Opposition at 9, citing In re Enron Corp., 295 B.R. 21, 25 (S.D.N.Y. 2003). Rather, it is unequivocally the case that – even where a core matter is involved – if the right to a jury trial is implicated, the parties are entitled to a jury trial – before the District Court. Thus, "although [the bankruptcy court] is authorized to conduct jury

trials, 28 U.S.C. § 157(e), LR D. Mass. 202, it may do so *only with the consent* of the parties." In re Malden Mills Inds., Inc., 277 B.R. 449, 455 n.4 (Bankr. D. Mass. 2002) (emphasis supplied). Where, as here, the defendants have not consented to a jury trial, the reference must be withdrawn. Id.

Moreover, the Second Circuit cases cited in plaintiff's own brief actually acknowledge that the core/non-core distinction is not – despite plaintiff's argument to the contrary – critical to the analysis on a motion to withdraw the reference.[1] See e.g., In re Enron Power Marketing, Inc., 2003 WL 68036 (S.D.N.Y. Jan. 8, 2003) (stating that "it should be noted that core/non-core status is a mere factor and a finding that a matter is core or non-core does not automatically determine jurisdiction for this action" and finding that court's decision on whether to withdraw reference "need not and does not rest on the core/non-core distinction") (internal citations and quotations omitted); McCord v. Papantoniou, 316 B.R. 113, 119 n. 7 (noting that "[s]ome courts deciding motions to withdraw reference do not decide whether the claims in the adversary proceeding are core or non-core in light of 28 U.S.C. § 157(e), which . . . requires the consent of all parties to a jury trial in the bankruptcy court irrespective of the nature of the adversary proceeding"). Accordingly, the presence of core issues in this proceeding does not mean that the defendants' motion should be denied.

**B.    Judicial Efficiency Requires the Withdrawal of the Reference**

This adversary proceeding has been pending for only a few months, during which time very little has happened beyond the filing of and response to the complaint. Virtually no discovery has been served or conducted, and no hearings have been held before the bankruptcy

---

[1] That the core/non-core distinction is not crucial to a withdrawal analysis is not particularly surprising, given that the Second Circuit's articulation of the significance of that distinction derives largely from Orion Pictures Corp., 4 F.3d 1095 (2d Cir. 1993) – a case that pre-dates actually the enactment of 28 U.S.C. § 157(e).

court. Indeed, and with all due respect to the bankruptcy court, the parties' joint proposed pretrial schedule – submitted in January 2005 – has not been approved yet, nor have the few areas of disagreement in that proposed schedule been addressed by the court. Answers to counterclaims were filed as recently as mid-February, and, although some defendants have filed motions to dismiss, the court has not acted on any of them – nor are any of them scheduled for hearing.[2] There are only two matters currently set for hearing, both of which involve the Trustee's efforts to compel certain limited discovery.[3] The Trustee nonetheless argues that defendants' motion to withdraw the reference is untimely, and that considerations of judicial efficiency compel a denial of that motion. The relevant facts and law do not support such a result.

### 1. Minimal Judicial Resources Have Been Expended on This Case to Date

The Trustee claims that, as of the date of the Opposition, this proceeding involves "212 filings," and submits this statement as proof that the bankruptcy court has a wealth of knowledge about the underlying facts and has invested significant resources in the adversary proceeding. Even a cursory examination of the docket, however, reveals the fallacy of the Trustee's argument, since the vast majority of the "filings" are entirely procedural in nature, and required little (or no) action by the court – let alone the alleged significant expenditure of resources that the Trustee claims. As of March 17, 2005, 66 docket entries were certificates of service or mailing; 55 items relate to purely procedural matters involving no substantive issues at all (e.g., requests for leave to file replies/sur-replies, requests for extensions of time, payment of court

---

[2]   Indeed, certain of the motions were previously set for hearing in late March, but the bankruptcy court cancelled those hearings – which would have been the first to take place in this case – once the motions to withdraw the reference were filed.

fees, etc.); 16 entries relate to the appearance or withdrawal of counsel; 16 filings confirm service of a summons; and 15 items are actually supporting affidavits or memoranda filed in conjunction with other docket entries. The Trustee's argument that the docket indicates that the "bankruptcy court is best situated to continue to handle and manage the proceedings given the item and resources it has already expended", then, is misleading at best.[4]

Plaintiff also cites the fact that "Robinson has served requests for production of documents and interrogatories on the Trustee" as an additional basis for his argument that this case has proceeded extensively in the bankruptcy court.[5] Significantly, this reference stands almost alone as an explanation of the supposedly active status of discovery -- and plaintiff omits to mention that *none* of the other 15 defendants have yet served any discovery on the Trustee (or on each other), and that the Trustee himself did not serve written discovery until *after* the motions to withdraw were filed. Moreover, none of the 16 defendants has noticed, let alone taken, a single deposition -- nor has the Trustee taken any depositions. The only discovery that has even arguably occurred in this case involves the Trustee's service of one subpoena on non-party Weil Gotshal & Manges LLP, and the Trustee's attempt to notice two defendant depositions, items that are both subject to currently-pending motions to compel by the Trustee. Nothing else has happened.

---

[3] This hearing, scheduled for March 22, 2005, will be the first hearing to take place in this proceeding and has apparently remained on the docket – while all other hearings were put in abeyance pending resolution of the instant motion – because the Trustee submitted a motion arguing that the particular discovery disputes at issue are critical to his eventual ability to defend the yet-to-be-heard motions to dismiss.

[4] In addition, although the bankruptcy court has issued some 32 "orders" (which are included in the numbers cited above), not a single one is of a substantive nature. Specifically, 11 orders granted motions for an extensions of time, four involved the admission/withdrawal of counsel, six granted leave to file a reply brief, and 10 involved scheduling and rescheduling hearings on pending motions. In other words, all were of a procedural nature and would not likely have required any review of legal briefs or background.

[5] Oddly, the Trustee also asserts that the case is at too *preliminary* a stage to be sent back to the District Court, see Opposition at 8. Plaintiff thus argues that "the proceeding is at a preliminary stage and may be resolved by dispositive motions that are already before the bankruptcy court." The Trustee fails to note, though, that (a) the bankruptcy court has not considered those motions and will not do so pending the resolution of the motions to withdraw; and (b) only five of the 16 defendants have even filed motions to dismiss at this juncture.

### 2. The Cases Plaintiff Cites Involve Radically Different Circumstances than Those Present Here and Are Therefore Distinguishable

The cases plaintiff cites do not support his argument that an action in the procedural posture of the one at bar should remain before the bankruptcy court. For example, the Trustee cites In re Enron Corp., 295 B.R. 21, for the proposition that the presence of core issues, along with concerns of "judicial efficiency and uniformity" should compel this Court to permit the bankruptcy court here to retain jurisdiction. Enron, however, was a case where the presiding bankruptcy judge had been involved with the Enron bankruptcy for 18 months, frequently held hearings on Enron bankruptcy matters, maintained a case management system for Enron-related proceedings, and was especially familiar with the procedural history and factual issues surrounding the financial collapse of Enron. Id. at 26. The instant case is not remotely analogous. Plaintiff also relies on In re Enron Power Marketing, Inc., 2003 WL 68036, a case in which the court specifically noted that there were *12* related adversary proceedings, all of which involved similar agreements and the interpretation of multiple, similar contract provisions. Id. at *10. Given that context, it is not surprising that the district court there declined to withdraw the reference as to just one of the 12 related proceedings – but that decision, too, is not analogous to the present circumstance. The Trustee also cites Goia Gucci v. Gucci, 1997 WL 122838 (S.D.N.Y. March 17, 1997), again for the proposition that considerations of judicial economy dictate that this case remain before the bankruptcy court. Like the Enron cases, however, Gucci is also distinguishable from the matter at hand. The bankruptcy judge in Gucci "had such extensive knowledge of the complex underlying transactions and occurrences" that District Court declined to withdraw the reference on the basis that it would benefit from the bankruptcy judge's "intimate familiarity with the related proceedings." Id. at *1. Thus, Gucci, too, rests upon a procedural and factual background that is very different from that present here.

There is no support for plaintiff's suggestion that that judicial economy will be well-served by having this matter – which undisputedly must be tried before the District Court – remain before the bankruptcy court as discovery and pre-trial proceedings commence. Nor does anything about the current posture of this case indicate that defendants are untimely in raising the issue of withdrawal. The case has been pending for only about six months, no substantive hearings have been held (nor have substantive rulings been rendered), and virtually no discovery has taken place. Indeed, very little has happened beyond the filing of the complaint and the submission of responsive pleadings documents. This situation thus compels the opposite conclusion of that proposed by the Trustee: because the bankruptcy court has not yet invested significant resources in this case, there is little point in requiring that court to now delve into the underlying facts and commence the supervision of discovery in a case that, ultimately, must be returned to this Court for trial.

## CONCLUSION

For the foregoing reasons, the Moving Defendants respectfully request that the reference of Adversary Proceeding No. 04-01288 (CJK) be withdrawn to the District Court.

Respectfully submitted:

AMADEUS CAPITAL CORPORATION, AMADEUS CAPITAL U.S. INC., MILES S. NADAL, GAVIN SWARTZMAN, TREVOR MAUNDER, ROBERT BALFOUR, and MICHAEL SIMONETTA,

By their attorneys,

/s/ Carrie J. Fletcher
Michael J. Tuteur, BBO No. 543780
Carrie J. Fletcher, BBO No. 642369
Erica Templeton Spencer, BBO No. 651967
FOLEY & LARDNER LLP
111 Huntington Avenue, 26th Floor
Boston, Massachusetts 02199
Tel. (617) 342-4000
Fax. (617) 342-4001

JAMES D. FISHER and DEZSÖ J. HORVÁTH,

By their attorneys,

/s/ Sean Paul Cronin
R. Todd Cronan, BBO No. 647117
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
Tel. (617) 570-1000
Fax. (617) 523-1231

THOMAS VOLPE, and DEREK SMITH,

By their attorneys,

/s Benjamin B. Tymann
Peter A. Biagetti, BBO No. 042310
Timothy J. Langella, BBO No. 542017
Adrienne K. Walker, BBO No. 641490
Benjamin B. Tymann, BBO No. 652011
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel. (617) 542-6000
Fax. (617) 542-2241

ALLAN Z. LOREN

By his attorneys,

/s/ Eben A. Krim
Eben A. Krim, BBO No. 652506
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600
Tel. (617) 526-9600
Fax. (617) 526-9899

Christopher Wolf, admitted *pro hac vice*
Robert Bernstein, admitted *pro hac vice*
PROSKAUER ROSE LLP
1233 20th Street, N.W., Suite 800
Washington, D.C. 20036
Tel. (202) 416-6800
Fax. (202) 416-6899

Dated:   March 21, 2005

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re: )<br>)<br>FIRST KNOWLEDGE PARTNERS, INC., )<br>)<br>Debtor. )<br>) | Chapter 7<br>Case No. 02-16649 (CJK) |
| )<br>JOHN J. AQUINO, TRUSTEE, )<br>)<br>Plaintiff, )<br>)<br>AMADEUS CAPITAL CORPORATION, )<br>AMADEUS CAPITAL U.S. INC., ET AL., )<br>)<br>Defendants. )<br>) | Ad. Pro. No. 04-01288 |

**LOCAL RULE 7.1(A)(2) CERTIFICATE**

Pursuant to Local Rule 7.1(A)(2) for the United States District Court for the District of Massachusetts, I, Carrie J. Fletcher, hereby certify that prior to filing Defendants' Motion for Leave to File a Reply Memorandum to Trustee's Opposition to Defendants' Motion for Withdrawal, I attempted to confer with Trustee's counsel in a good faith attempt to resolve or narrow the issues raised thereby.

Respectfully submitted,

AMADEUS CAPITAL CORPORATION,
AMADEUS CAPITAL U.S. INC., MILES
S. NADAL, GAVIN SWARTZMAN,
TREVOR MAUNDER, ROBERT
BALFOUR, and MICHAEL SIMONETTA,

By their attorneys,

/s/ Carrie J. Fletcher
Michael J. Tuteur, BBO No. 543780
Carrie J. Fletcher, BBO No. 642369
Erica Templeton Spencer, BBO No. 651967
FOLEY & LARDNER LLP
111 Huntington Avenue, 26th Floor
Boston, Massachusetts 02199
Tel. (617) 342-4000; Fax (617) 342-4001

Dated: March 18, 2005