# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ | |
| In re: ) | |
| ) | |
| **FIRST KNOWLEDGE PARTNERS, INC.,** ) | |
| ) | **C.A. No.  05-10529-FDS** |
| Debtor. ) | |
| _____) | |
| _____ | |
| ) | |
| **JOHN J. AQUINO, TRUSTEE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **AMADEUS CAPITAL CORPORATION,** ) | |
| **AMADEUS CAPITAL U.S. INC., ET AL.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## ORDER OF RECUSAL

**SAYLOR, J.**

Under 28 U.S.C. § 455(a), a United States District Judge must disqualify himself from any proceeding "in which his impartiality might reasonably be questioned."  For the reasons set forth herein, I have concluded that, under the totality of the circumstances, disqualification is warranted in this matter.

Prior to my appointment to the United States District Court on June 15, 2004, I was a partner in the law firm of Goodwin Procter LLP (and its predecessor, Goodwin, Procter & Hoar).  Defendants James D. Fisher and Dezsö J. Horváth are represented by R. Todd Cronan, my former law partner, and other attorneys at Goodwin Procter.  Because of that relationship, it appears that

my impartiality might reasonably be questioned were I to preside in this matter.  Accordingly, and

for the foregoing reasons, I hereby disqualify myself in this proceeding pursuant to 28 U.S.C. §

455(a).

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: April 11, 2005

2